UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

ANGELA RIVET,  :
 :
    Plaintiff(s),  :
v.  :  Case No.
 :  Jury Trial Demanded
TRANS UNION, LLC, and CONGRESS
COLLECTION, LLC.

    Defendant(s).
_____/

## COMPLAINT

The Plaintiff, ANGELA RIVET ("Plaintiff"), by and through her attorney, the Law Offices of Brian P. Parker, P. C., allege the following against Trans Union, LLC ("TU" or "Defendant") and Congress Collections, LLC. ("Congress Collections" or "Defendant"):

### Nature of Action

1. Plaintiff brings this action against the Defendants, seeking damages and equitable relief, to redress the co-Defendant Trans Union LLC's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA") and co-Defendant CONGRESS COLLECTIONS's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA")

### Parties

2. Plaintiff Angela Rivet ("Plaintiff") is a citizen of Michigan residing in the County of Oakland, State of Michigan.

3. Defendant Trans Union, LLC ("Trans Union") is a Delaware-based foregoing limited liability company and credit information provider. The Resident Agent is in East

1

Lansing, Ingham County, State of Michigan.

4.      Defendant CONGRESS COLLECTIONS is a Michigan-based corporation. CONGRESS COLLECTIONS is a debt collector and furnisher of information as contemplated by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Jurisdiction and Venue

5.      This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

6.      Venue is proper in this Court under 28 U.S.C. 1391 as all Defendants transact business in this jurisdiction.

## Facts Against TU and Congress Collections

7.       2021, Ms. Rivet discovered a collection account and trade lines on her credit reports from Congress Collections for a debt she did not owe to Keego Harbor Urgent Care. **Please see Exhibit 1**.

8.      On or about February 2, 2021, Ms. Rivet wrote a dispute letter and demand for investigation of the inaccurate tradeline to Trans Union, Experian Information Solutions, Inc., and Congress Collection. **Please see Exhibit 2 Dispute Letters to Experian, Trans Union and Congress Collection**.

9.      In response to the dispute letter at **Exhibit 2**, Experian eliminated or deleted the Congress Collection tradeline from Plaintiff's credit report. **Please see Exhibit 3, Experian Response**.

2

10. Unfortunately, the negative trade line from Congress Collections stayed on Ms. Rivet's credit report with Defendant Trans Union and the debt remains today, after receiving Ms. Rivet's dispute notification. **Please see Exheibit 4**.

11. Though the original debt was covered by insurance, Keego Harbor wrongfully sent the debt to Congress Collections and the debt, while paid by insurance, remains on the Plaintiff's credit report:

```
CONGRESS COLLECTION #18167**
PO BOX 130
SAINT JOHNS, MI 48879
(800) 395-2989
Placed for collection:  03/26/2019        Balance:           $0              Pay Status:  >Account Paid
Responsibility:         Individual Account Date Updated:      03/04/2021                   Collection<
Account Type:           Open Account       Payment Received:  75              Date Closed: 09/02/2020
Loan Type:              COLLECTION         Last Payment Made: 09/02/2020      Date Paid:   09/02/2020
                        AGENCY/ATTORNEY    Original Amount:   $147
                                           Original Creditor: KEEGO HARBOR URGENT
                                                              CARE
Remarks: Account information disputed by consumer (FCRA); >PAID COLLECTION<
Estimated month and year that this item will be removed: 10/2025
```

12. The Trans Union and Congress Collection debt tradeline contains false and inaccurate information in that the listing states that the Last Payment Made" was 09/02/2020. This is inaccurate as no payment was made to them on 9/2/20 by Plaintiff.

13. The Trans Union and Congress Collection trade line states that the Debt was Paid on 09/02/20. This too is inaccurate as the debt was not paid at that time.

14. Further, the tradeline lists the debt was paid in full but the payment received was only $75.00. These both cannot be accurate on a debt that was originally $147.00.

15. The collection account from Congress Collection is violating the FCRA as it should not be on Trans Union credit report whether it was paid in full or not as she never owed a debt that was covered by insurance and not owed before Keego Harbor Urgent Care sent it to Congress Collection and both Congress Collection and Trans Union failed in their legal duty under the FCRA to perform a reasonable and proper investigation that

would have revealed Keego Harbor and Collection should not have pursued this debt.

16. After Plaintiff sent dispute letters at **Exhibit 2**, CONGRESS COLLECTIONS and the Defendant TU continue to report the inaccurate and false debt on Plaintiff's credit report and at great loss and damage to her credit reputation and good name.

17. The Defendants are mutually responsible for purposefully misreporting the account at issue. These respective reporting failures have had a debilitating effect on the Plaintiff's ability to maintain her good FICO score.

18. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit scores continue to be adversely affected, and the Plaintiff's credit reputation was and continues to be wrongfully damaged and harmed.

19. "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

20. Consumer reporting agencies pursuant to Section 1681e(b) of the Fair Credit Reporting Act are required to "follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004). Under this section, "liability flows only from a 'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

21. The Sixth Circuit has established that the elements necessary to assert a claim

under 1681e(b) involve a Plaintiff proving (1) the Defendant reported inaccurate information about the Plaintiff; (2) the Defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendant's conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

22. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Systems, Inc.,* 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp.*, 18 F.App'x 315, 318 (6th Circ. 2001).

23. An FCRA violation occurs when CRAs provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

24. The Plaintiff seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs. **Please see Exhibit 5**.

### COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT BY CO-DEFENDANT TRANS UNION LLC

25. Plaintiff specifically incorporates by reference the aforementioned allegations as if restated fully herein word for word.

26. Specific to Ms. Rivet, Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding the Plaintiff as defined under 15 U.S.C. §1681a. **See Exhibit 1 and 4**.

27. The referenced report contained information about Ms. Rivet was false, misleading, and inaccurate. **Please see Exhibit 1, 2,4 and 5**.

28. By failing and/or refusing to properly investigate the Plaintiff's dispute, Trans Union willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Rivet in violation of 15 U.S.C. § 1681e(b).

29. In the alternative, Trans Union negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Rivet in violation of 15 U.S.C. § 1681e(b). **Please see Exhibit 1, 2, 4, and 5**.

30. After receiving the Plaintiff's consumer dispute at **Exhibit 2**, Trans Union willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i, such verified by the fact that Trans Union failed to properly update the account information at issue after the Plaintiff issued his disputes to Trans Union. **Please see Exhibit 4 and 5**.

31. In the alternative, Trans Union negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

32. In this instance, it is clear and obvious that Trans Union (1) reported inaccurate information about Ms. Rivet owing on a medical debt with CONGRESS COLLECTIONS that Ms. Rivet was not obligated upon, (2) the Defendant either

negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (3) the Plaintiff is now being injured by reporting on the account which misidentifies a CONGRESS COLLECTIONS account as owed by Ms. Rivet when she was never obligated on the CONGRESS COLLECTIONS account, and (4) but for the Defendant's conduct, that injury would not have occurred. As a result, the Defendant was clearly in violation of § 1681e(b). **Please see Exhibit 1, 2, 4, and 5**.

33. There is simply no doubt in this instance that the information currently being furnished by Trans Union creates a materially misleading impression that Ms. Rivet owed a debt to CONGRESS COLLECTIONS when demonstrably, she has no obligation to the CONGRESS COLLECTIONS account that is paid off and discharge. **Please see Exhibit 1, 2, 4 and 5**.

34. As a direct and proximate cause of Trans Union's failure to perform its' required duties under the FCRA, Ms. Rivet has suffered actual damages, including potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for credit, along with emotional distress, humiliation, and embarrassment. **Please see Exhibit 5**.

35. False information was and continues to be furnished by Trans Union specific to the CONGRESS COLLECTIONS account and Ms. Rivet. **Please see Exhibit 4-5**.

36. Upon reinvestigation, Trans Union reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in violation of the FCRA, 15 U.S.C. §1681s2(b).

37. Trans Union is liable to Ms. Rivet by reason of its violations of the FCRA in

an amount to be determined by a jury together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

### COUNT II- DEFAMATION

38. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

39. Trans Union caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

40. Plaintiff is not a public figure.

41. The statements by Trans Union to the public represent a slur on Ms. Rivet's respective character, including her honesty, integrity, virtue, or reputation, as well as his credit worthiness.

42. The defamatory statements resulted in damages to the Plaintiff. **Please see Exhibit 4-5**.

### COUNT III- VIOLATION OF FAIR CREDIT REPORTING ACT BY CO-DEFENDANT CONGRESS COLLECTIONS

43. The Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

44. Pursuant to 15 U.S.C. 1681s-2(a)(1)(A), a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. Presumably, the inaccurate balance information and corresponding, misleading references to the account's late payments and delinquencies reported as Plaintiff's responsibility and obligation was information first supplied to each respective credit reporting agency by CONGRESS

COLLECTIONS. **Please see Exhibit 1**.

45. Every circuit to have addressed the issue holds that an investigation undertaken by a furnisher such as CONGRESS COLLECTIONS upon receipt of the disputes such as those outlined in this case specific to each Plaintiff must be a reasonable one. *See Johnson v. MBNA a. Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004). The term "investigation" itself denotes a "fairly searching inquiry" or at least something more than a merely cursory review." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-57 (9th Cir. 2009). A simple review of the information supplied by Plaintiff and/or payment history to Keego Harbor Urgent Care by CONGRESS COLLECTIONS would have revealed that the dispute of the Plaintiff was justified and that several errors remained which required correction on the credit report of Ms. Rivet as stated above. **See Exhibit 1,2, 4-5**.

46. Even assuming a reasonable investigation was first undertaken by Trans Union upon receipt of the Plaintiffs' various disputes, CONGRESS COLLECTIONS only then further violated the Fair Credit Reporting Act, 15 U.S.C. § 1682s-2(b) by falsely verifying the debt and its' true status when contacted by Trans Union to verify the dispute lodged by Plaintiff. That Trans Union subsequently failed to provide updated account reporting specific to CONGRESS COLLECTIONS that accurately set forth the account's history only further suggests a complete, systemic failure on the part of CONGRESS COLLECTIONS to properly address the dispute of Plaintiff as required under the FCRA. **See Exhibit 4 and 5**.

47. CONGRESS COLLECTIONS reported inaccurate information concerning Ms. Rivet to Experian and Trans Union before the dispute and to Trans Union alone

9

following the Plaintiff's' disputes. **Please see Exhibit 1,2, 4, and 5**.

48. Upon information and belief Trans Union forwarded the Plaintiff's respective disputes to CONGRESS COLLECTIONS upon receipt from Plaintiff, who received it and thereafter demonstrably failed to conduct a reinvestigation consistent with its' obligations as set forth in 15 U.S.C. 1682s-2(b)(1)(A)-(E).

49. Section 1682s-2(b) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. In addition, a person shall complete all investigations, reviews, and reports under this subsection before the expiration of the period set forth under 15 U.S.C. § 1681i(a)(1).

50. CONGRESS COLLECTIONS committed such violations willfully or negligently thereby violating 15 U.S.C. §1681n and or §1681o. **Please see Exhibit 1,2, 4 and 5**.

51. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than

$1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

52. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

53. CONGRESS COLLECTIONS negligently violated 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively, CONGRESS COLLECTIONS willfully violated 15 U.S.C. §§1681s-2(b) and 1681n. **See Exhibit 1,2, 4 and 5**.

54. In addition, when a person "willfully fails to comply with any requirement imposed…with respect to any consumer," that consumer may seek actual or statutory damages, as well as punitive damages and attorney's fees and costs. *Beaudry v. Telecheck, Servs., Inc.,* 579 F.3d 702, 705-06 (6th Cir. 2009).

55. The Plaintiff suffered clear and unequivocal damages because of these violations of the FCRA by CONGRESS COLLECTIONS. **Please see Exhibit 5**.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief from Defendants for:

(A) Statutory and actual damages in an amount to be determined by the Court.

11

(B)	Deletion or correction of any and all accounts being wrongfully reported by the Defendants.

(C)	Statutory costs and attorney fees under the FCRA.

(D)	Injunctive relief, including but not limited to correction of the account.

(E)	Compensatory and/or punitive damages.

(F)	Any other relief which the Court deems appropriate.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,

Date: March 31, 2021

/s/ Brian P. Parker
Brian P. Parker (P48617)
Attorney for Plaintiff